# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JULIE MACDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:16-CV-168-TLS |
| | ) |
| ASSOCIATES FOR RESTORATIVE DENTISTRY LTD. PENSION PLAN, *et al.*, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss Plaintiff's Complaint for Improper Venue or, in the Alternative, Transfer Venue [ECF No. 4], filed on June 7, 2016. On May 12, 2016, the Plaintiff, Julie MacDonald, filed a four-count Complaint [ECF No. 1] against the Defendants, Associates for Restorative Dentistry, Ltd. (the "Defendant Corporation"), the Pension Plan of Associates for Restorative Dentistry, Ltd. (the "Plan"), James Furmanek, and Carle Kibbitt (collectively "the Defendants"). The Defendants then moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(3), asserting that venue was improper in the Northern District of Indiana; alternatively, the Defendants sought to transfer venue to the Northern District of Illinois, pursuant to 28 U.S.C. § 1404. On June 20, 2016, the Plaintiff filed its Response to the Defendants' Motion to Dismiss [ECF No. 9]. On June 28, 2016, the Defendants filed their Reply in Support of their Motion to Dismiss [ECF No. 11]. With this matter now being fully briefed, the Court denies the Defendants' Motion to Dismiss or, in the Alternative, Transfer Venue.

**COMPLAINT ALLEGATIONS**

The Plaintiff is an Indiana resident and the Defendant Corporation is an Illinois corporation. (Compl. ¶¶ 4, 6, ECF No. 1.) The Defendant Corporation employed the Plaintiff from 1998 until 2015. (*Id.* ¶ 8.) On May 1, 2001, the Plaintiff began participating in the Plan and the "Plaintiff's accrued retirement benefit under the Plan [wa]s fully vested and non-forfeitable." (*Id.*) On December 15, 2003, the Defendants allegedly froze the Plan's accrued benefits and did not notify the Plaintiff of that decision until June 11, 2007. (*Id.* ¶¶ 9–10.)

On May 12, 2016, the Plaintiff filed a lawsuit against the Defendants alleging four counts arising under the federal Employee Retirement Income Security Act of 1974 (ERISA). First, pursuant to 29 U.S.C. § 204(h), the Plaintiff seeks "an additional three (3) years of benefit accrual for purposes of computing her Accrued Retirement Benefit under the . . . Plan" because of the alleged 2003 decision to freeze the Plan. (*Id.* ¶ 12.) Second, under § 1021(a), the Plaintiff seeks statutory penalties because the "Defendants have not made timely compliance with" the Plaintiff's repeated demands for Plan information. (*Id.* ¶¶ 18–19.) Third, under §§ 1104–05, the Defendant Corporation breached its fiduciary duties by "fail[ing] to monitor the performance of the fiduciaries of the Plan." (*Id.* ¶ 21.) Fourth, pursuant to § 1132(g), the Plaintiff seeks statutory attorneys' fees. (*Id.* ¶ 22.)

**STANDARD OF REVIEW**

On consideration of a motion to dismiss, a court must resolve all factual disputes and draw all reasonable inferences in the plaintiff's favor, *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011), with the plaintiff then bearing the burden of establishing that venue is proper, *Grantham v. Challenge–Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969). If venue is improper, the court may either dismiss the suit or transfer it to a district in

which the plaintiff could have initially filed the suit if "it be in the interest of justice." 28 U.S.C. § 1406(a).[1] Venue can be proper in more than one district. *See Armstrong v. LaSalle Bank Nat'l Ass'n*, 552 F.3d 613, 617 (7th Cir. 2009).

The Plaintiff may demonstrate proper venue under ERISA's venue provision, 29 U.S.C. § 1132(e)(2), or under the federal venue statute, 28 U.S.C. § 1391(b). *See Varsic v. U.S. Dist. Court for Cent. Dist. of Cal.*, 607 F.2d 245, 248 (9th Cir. 1979) ("The ERISA venue provision is intended to expand, rather than restrict, the range of permissible venue locations."); 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3825 (4th ed.) ("The ERISA venue provision is not exclusive."). Under ERISA, venue is proper in a district court of the United States: (1) "where the plan is administered," (2) "where the breach took place," or, (3) "where a defendant resides or may be found." § 1132(e)(2). Under the federal venue statute, venue is proper in a district court of the United States: (1) "in which any defendant resides, if all defendants reside" in the same State, (2) "in which a substantial part of the events or omissions giving rise to the claim occurred," or if (1) or (2) do not apply, then (3) "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." § 1391(b).

## ANALYSIS

The Court has subject matter jurisdiction over this case because the Plaintiff's claims arise under federal law. 28 U.S.C. § 1331. The Plaintiff asserts that venue is proper under 29 U.S.C. § 1132(e)(2) because the Defendants' breaches of ERISA occurred in the Northern District of Indiana. (Compl. ¶ 3.) Additionally, the Plaintiff asserts that venue is proper under 28

---

[1] By contrast, if venue is proper in the district where the case is initially filed, that court retains discretion to order transfer pursuant to 28 U.S.C. § 1404(a).

U.S.C. § 1391(b) because the causes of action giving rise to this dispute arose in the Northern District of Indiana. (*Id.*) The Defendants challenge venue on the grounds that the alleged breaches did not occur in the Northern District of Indiana and thus § 1132(e)(2) is not met; alternatively, the Defendants seek to transfer venue to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). As explained below, the Court finds that venue is proper in the Northern District of Indiana and declines to transfer venue.

**A.     Motion to Dismiss for Improper Venue**

This Motion to Dismiss turns upon the meaning of the second provision of ERISA's venue provision—"where the breach took place." The leading Courts of Appeals decisions on 29 U.S.C. § 1132(e)(2) have not interpreted "where the breach took place" for purposes of determining venue. *See, e.g.*, *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 807 n.1 (7th Cir. 2002) (declining to consider one-sentence, "undeveloped argument" that the "breach took place" in the district where the plaintiffs lived); *Varsic*, 607 F.2d at 250 n.4 (finding that venue was proper under the defendant "may be found" provision of § 1132(e)(2) and declining to consider "whether one or more of the other alternative bases . . . might be applicable as well").

The trend among other district courts is that the place "where the breach took place" means "the place where pension benefits are received, which is plaintiff's residence . . . ." *E.g.*, *Strickland v. Trion Grp., Inc.,* 463 F. Supp. 2d 921, 925–26 (E.D. Wis. 2006); *Cole v. Cent. States Se. & Sw. Areas Health & Welfare Fund*, 225 F. Supp. 2d 96, 98 (D. Mass. 2002); *Wallace v. Am. Petrofina, Inc.*, 659 F. Supp. 829, 832 (E.D. Tex. 1987); *Bostic v. Ohio River Co. (Ohio Div.) Basic Pension Plan*, 517 F. Supp. 627, 636–37 (S.D. W. Va. 1981).[2] The Court

---

[2] There is a split of authority regarding this interpretation, *Schoemann ex rel. Schoemann v. Excellus Health Plan*, 447 F. Supp. 2d 1000, 1002 (D. Minn. 2006) (collecting cases), but those cases finding that the breach occurs where payments originated "are older and fewer than those finding that the breach

adopts this interpretation of § 1132(e)(2) because it is consistent with principles of statutory interpretation and congressional intent in enacting ERISA.

First, this interpretation of § 1132(e)(2) satisfies the "cardinal principle of statutory construction that a statute ought . . . to be so construed that . . . no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews,* 534 U.S. 19, 31 (2001) (internal quotation marks omitted). To find a breach only where a benefits check was issued would render this provision superfluous because "the place of breach would always be the place where the plan is administered." *Strickland*, 463 F. Supp. 2d at 925–26; *Cole*, 225 F. Supp. 2d at 98. Interpreting "where the breach took place" to mean the district where the recipient expected to receive benefits presents no such problem.[3] Second, this interpretation is consistent with Congress's purposes behind ERISA, which was intended "to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional procedural obstacles . . . for recovery of benefits due to participants." *Strickland*, 463 F. Supp. 2d at 925–26; *Cole*, 225 F. Supp. 2d at 98. The district where the plaintiff expects to receive benefits will typically be where the plaintiff resides, thereby enabling recovery closer to home.

In the present case, the Plaintiff resides in the Northern District of Indiana; as such, that is the district in which the Plaintiff expected to receive benefits. The Plaintiff alleges that the Defendants failed to pay her benefits and provide her notices of the "cessation of future retirement benefit accruals as required by ERISA § 204(h)." (Compl. ¶¶ 10, 13.) Thus, the Court concludes that the alleged breaches took place in the Northern District of Indiana. Accordingly,

---

occur[s] where the plan beneficiary was to receive payments on his claim." *Garvey v. Piper Rudnick LLP Long Term Disability Ins. Plan*, No. 07-886-AS, 2008 WL 410088, at *8 (D. Or. Feb. 12, 2008).
[3] This interpretation comports with suits for breach in other contexts. For instance, a cause of action for breach of contract typically accrues in the place "where the contract is to be performed" or its "benefits are [to be] received." *See, e.g.*, *Wallace*, 659 F. Supp. at 832; *Bostic*, 517 F. Supp. at 636.

5

venue is proper in the Northern District of Indiana pursuant to the "breach" provision of 29 U.S.C. § 1132(e)(2).[4]

**B.      Motion to Transfer**

Alternatively, the Defendants ask the Court to transfer venue to the Northern District of Illinois. Title 28 of the United States Code, § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The movant bears the burden of showing that the transferee court is clearly more convenient. *K & F Mfg. Co. v. W. Litho Plate & Supply Co.*, 831 F. Supp. 661, 664 (N.D. Ind. 1993). The decision to transfer a case pursuant to § 1404(a) ultimately lies within the transferor court's discretion. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) ("The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge.").

The Court balances the following interests in analyzing convenience: "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience of the witnesses, and (5) the convenience of the parties of litigating in the respective forums." *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009). A transfer should not be granted if it merely shifts convenience from one party to

---

[4] The preceding analysis most clearly applies to Counts One, Two, and Four of the Plaintiff's Complaint. (Compl. ¶¶ 9–20, 22.) It is unclear whether Count Three satisfies § 1132(e)(2), as the Defendant Corporation's alleged breach of its fiduciary duties likely did not occur in the Northern District of Indiana. Despite this, venue is nonetheless proper under 28 U.S.C. § 1391(b): the Plaintiff anticipated that she would receive benefits at her home within the Northern District of Indiana, but the Defendant Corporation's alleged "failure to monitor the performance of the fiduciaries of the Plan" led to no benefit disbursements. (Compl. ¶ 21.) Thus, "a substantial part of the events or omissions giving rise to the claim"—the harm that the Defendant Corporation allegedly caused the Plaintiff as a result of failing to monitor its fiduciaries—occurred in the Northern District of Indiana. § 1391(b).

6

another. *K & F Mfg. Co.*, 831 F. Supp. at 664. The analysis regarding the interests of justice focuses on the efficient administration of the court system. *See Coffey*, 796 F.2d at 219–20.

Here, the Defendant has not persuaded the Court that venue transfer is appropriate. First, venue is proper in both the Northern District of Indiana, as discussed above, and in the Northern District of Illinois, given that the Defendants "may be found" there and the Plan is "administered" there. 29 U.S.C. § 1132(e)(2). Second, the Northern District of Indiana is convenient to the parties and their witnesses, and also enables access to relevant sources of proof given the short distance between the districts in Indiana and Illinois. *See Peterson v. U.S. Steel Corp.*, 624 F. Supp. 44, 46 (N.D. Ill. 1985) ("[Section] 1404(a) should not be invoked for transfer between courts separated by a short and easily traveled distance . . . ."). Transferring to the Northern District of Illinois would merely "shift convenience from one party to another" at the expense of the Plaintiff's chosen forum. *K & F Mfg. Co.*, 831 F. Supp. at 664. Finally, the interests of justice do not favor transfer, as the arguments made by the Defendants do not show how a trial in the Northern District of Indiana would impair the efficient administration of justice. Thus, the Court concludes that the § 1404(a) factors are not met.

## CONCLUSION

Based on the foregoing, the Court DENIES the Defendants' Motion to Dismiss Plaintiff's Complaint for Improper Venue or, in the Alternative, Transfer Venue [ECF No. 4].

SO ORDERED on August 29, 2016.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION